United States District Court
District of Massachusetts

| | |
|---|---|
| Roger Damasceno Marques de Oliveira,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>Patricia Hyde, et al.,  )<br>)<br>Respondents.  )<br>) | Civil Action No.<br>26-10923-NMG |

MEMORANDUM & ORDER

GORTON, J.

    This case arises from the Petition for Writ of Habeas Corpus (Docket No. 1) of petitioner Roger Damasceno Marques de Oliveira ("petitioner" or "Marques de Oliveira"). He contends that he is at risk of detention by Patricia Hyde and other named respondents (collectively, "respondents") for the purpose of enforcing a removal order against him. He is not currently detained, nor has he been detained at any point since the removal order was issued in June, 2025.

    The Court is without authority to grant a writ of habeas corpus unless petitioner can demonstrate that he is currently in custody. 28 U.S.C. §2241(c)(3). While custody has been interpreted as including more than just physical detention, courts typically require some kind of restraint on liberty. Jones v. Cunningham, 371 U.S. 236, 240 (1963).

-1-

Here, the Court concludes that simply being subject to a final removal order, while having been free from detention for months notwithstanding such order, does not constitute custody for purposes of habeas corpus review. C.f. Rosales v. Bureau of Immigr. & Customs Enf't, 426 F.3d 733, 735 (5th Cir. 2005) (finding that a final removal order places an alien "in custody" when his detention is mandated upon his release from state prison). Petitioner has not shown that the removal order in this case has imposed any restraint on his liberty that would constitute "custody" for the purpose of habeas corpus relief.

### ORDER

For the forgoing reasons, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED WITHOUT PREJUDICE** to its refiling if and when petitioner is remanded into custody.

**So ordered.**

　　　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Dated: March 12, 2026